BLUMENTHAL & MARKHAM
Norman B. Blumenthal (State Bar #068687)
David R. Markham (State Bar #071814)
Kyle Nordrehaug (State Bar #205975)
Cathy K. Kazemi (State Bar #225006)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

CHAVEZ & GERTLER LLP
Mark A. Chavez (Bar No. 90858)
Jonathan E. Gertler (Bar No. 111531)
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile:   (415) 381-5572

Attorneys for Plaintiffs

FILED
05 OCT -4 AM 9: 07
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CALIFORNIA

E-Filing

PVT

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 05 4003

| | |
|---|---|
| MARY ANN CURRY, SUSAN SWANSON and MILO KUSHNER individually, on behalf of themselves, on behalf of all persons similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>vs.<br><br>CTB Mc GRAW-HILL LLC, and McGRAW- HILL COMPANIES, INC.,<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR**<br>**(1) VIOLATION OF ERISA;**<br>**(2) BREACH OF CONTRACT;**<br>**(3) DECLARATORY RELIEF; AND**<br>**(4) INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED |

COMPLAINT

1       Plaintiffs MARY ANN CURRY, SUSAN SWANSON and MILO KUSHNER,

2  (hereafter "Plaintiffs"), on their own behalf and on behalf of those similarly situated allege as

3  follows:

4                                      **NATURE OF THE ACTION**

5       1.     This case is brought pursuant to the Employee Retirement Income Security

6  Act, 29 U.S.C. § 1001 et seq. ("ERISA") against CTB McGraw-Hill LLC ("CTB") and

7  McGraw-Hill Companies, Inc.("McGraw-Hill"), collectively referred to herein as

8  "Defendants," as the plan sponsors of certain employee benefit, pension and/or welfare plans

9  and Defendants' employee benefits manager as "Administrator" of the plans. The plans

10  which are the subject of this Action include all of Defendants' employee compensation and

11  salaries, vacation and sick leave, life and long term care insurance, welfare plans,  medical,

12  health, dental and vision  coverage, educational reimbursement programs, as well as

13  retirement pension plans which are subject to federal regulation under ERISA in which its

14  common law employees participate as beneficiaries and policies concerning compensation,

15  insurance, medical and retirement leave benefits (hereafter "the Plans").  Upon information

16  and belief, Plaintiffs allege that the plan administrator of each of the Plans is an employee of

17  Defendants and subject to Defendants' power and control (hereafter the "Plan

18  Administrators").

19       2.     Plaintiffs assert claims pursuant to 29 U.S.C. § 1132(a)(1)(B) for damages and

20  § 1132(a)(3) for equitable relief as a result of the Defendants' alleged wrongful denial of

21  Plaintiffs' participation in the Plans.  They also assert claims under the Court's ancillary

22  jurisdiction under state law for violation of the policies and agreements applicable to all

23  Defendants' employees.  Plaintiffs bring this action on behalf of themselves and as a class

24  action on behalf of all persons providing services to Defendants and who within at least the

25  term of the Class members' employment:

26       (A)     Have performed services as workers for Defendants on its company premises

27  for a period of more than six months and worked 35 hours per week;

28       (B)     Were not designated or deemed by Defendants to be common law employees;

1     (C)    Were not paid for their services through Defendants' payroll department but

2 were payrolled through a third party agency used by Defendants; and

3     (D)    Satisfy the other qualifications for participation in Defendants' employee

4 benefit plans subject to ERISA in effect during the term of the Class members' employment,

5 or Defendants' compensation, leave and insurance policies applicable to its employees,

6 including but not limited to salary schedules, medical health, dental and vision coverage, sick

7 leave, vacation benefits including seniority for extended vacation allowed, life and long term

8 care insurance, flexible spending accounts, as well participation in Defendants' pension plans

9 ("Plans"), collectively referred to herein as "employee compensation and benefit plans").

10     3.    Plaintiffs seek a determination that the members of the Class ("Class

11 members") are in fact and by law entitled to participate in the plan benefits because those

12 benefits were available to Defendants' common law employees. Plaintiffs also seek a

13 permanent injunction compelling Defendants through its Plan Administrators to review the

14 personnel files of each of the Class members and determine in conformity with the Court's

15 determination that Class members are or have been common law employees of Defendants.

16 Plaintiffs further seek a determination that Class members are in fact and by law entitled to

17 participate in the plan benefits and compensation, leave and insurance policies because those

18 benefits were available to Defendants' common law employees. Plaintiffs also seek a

19 permanent injunction compelling Defendants through its Plan Administrators to review the

20 personnel files of each of the Class members and determine in conformity with the Court's

21 determination that Class members are or have been common law employees of Defendants

22 and which of the Class members are participants in each of its respective compensation and

23 employee benefit plans and to provide to them benefits as provided in each of the subject

24 plans.

25     4.    Defendants adopted a scheme to discriminate among its employees and deny

26 many of them benefits under its employee benefit plans and compensation, insurance and

27 leave policies, thereby saving the expense of such benefits. Under its scheme, Defendants

28 would wrongfully and deceptively refer to its employees as independent contractors or

COMPLAINT

1   temporary workers hired "indefinitely," and devise various unlawful schemes to avoid

2   providing employee compensation and benefits to members of the Class. Defendants hired

3   the Class members to perform services for Defendants under Defendants' complete

4   supervision and control at Defendants' facilities. Defendants fully integrated the Class

5   members into its workforce: often working on teams along with CTB employees and in most

6   cases the Class members are the only style editors on the teams; sharing the same

7   supervisors; performing identical functions, including serving as lead editor on several

8   projects and doing the same work as CTB editors; and working the same core hours as the

9   comparable CTB employees. Defendants further required that the Class members work at its

10   facilities. Presently there are approximately 100 or more employees at Defendants' CTB

11   facilities who are not recognized as CTB employees and hence, denied all employee

12   compensation and benefit plans provided to CTB employees. Defendants also provided the

13   Class members with Defendants' security protocol, identification badges, keys, office

14   equipment and supplies.

15       5.       Pursuant to its unlawful scheme, Defendants did not pay the Class members

16   for their services through Defendants' payroll department. Defendants directed that some of

17   the Class members nominally become employed through intermediary companies, acting

18   under the control and direction of Defendants. These intermediary companies often were

19   operated by other Defendants' personnel. Defendants informed the nominal operators of

20   such companies who to hire, who to fire, what hours to provide personnel to CTB, and

21   provided the compensation for the Class members nominally provided by such companies to

22   Defendants. However, in all respects, Defendants controlled all the terms and conditions of

23   employment of those Class members, and the interposition of the intermediary entities was a

24   subterfuge to facilitate Defendants' scheme to withhold employee benefits from the Class

25   members, although they were in fact and law the common law employees of Defendants.

26       6.       More recently and specifically in Plaintiffs case, Defendants directed many of

27   the Class members to nominally accept positions denominated as payrolled employees of

28   Kelly Services, Inc. ("Kelly Services") for "temporary assignments" with Defendants,

COMPLAINT

1   although the employment arrangements for the Class members were not in fact temporary

2   and in fact and law the Class members continued to be common law employees of

3   Defendants.  Indeed, Defendants made an office within its Monterrey facilities available to

4   Kelly Services and nominally designated that office as a "Kelly" office for the sole purpose

5   of payrolling full-time Class members working in that facility for Defendants as Kelly

6   "employees."  Defendants orchestrated this modification of its method of compensating the

7   Class members as an additional element of its unlawful scheme to avoid providing

8   employment benefits to the Class members.

9           7.      To this date Defendants continue to direct and hire individuals as employees of

10  Kelly Services for "temporary assignments" with Defendants, with the full knowledge and

11  intent that these employment arrangements are not in fact "temporary" and in fact and law

12  are common law employment relationships with Defendants, solely hired under an unlawful

13  scheme to use the entity Kelly Services to circumvent entitlement and participation in

14  Defendants' employees compensation and benefit and retirement plans.

15          8.      Plaintiffs bring this action to enjoin Defendants' unilateral denial of Plaintiffs'

16  participation in the employee compensation and benefit plans and to redress Defendants'

17  violations of Plaintiffs' true status as employee compensation and benefit plan beneficiaries.

18                          **PARTIES TO THE ACTION**

19          9.      Plaintiff, Mary Ann Curry, is an individual residing in Monterey County,

20  California.  She worked for Defendants full-time for fifty-eight (58) months (two months

21  short of five (5) years), although was payrolled through Kelly Services.

22          10.     Plaintiff, Susan Swanson, is an individual residing in Monterey County,

23  California.  She works full time for Defendants at its offices in said County and has worked

24  for Defendants for forty-seven 47 months (a month shy of four (4) years), although she was

25  payrolled through Kelly Services.

26          11.     Plaintiff, Milo Kushner, is an individual residing in Monterey County,

27  California.  He works full time for Defendants at its offices in said County, although he has

28  always and continues to be payrolled through Kelly Services.

---

4

12. Defendant, CTB McGraw-Hill, LLC ("CTB") is wholly owned by McGraw-Hill Companies, Inc.("McGraw-Hill"). McGraw-Hill exercises control of CTB by operating CTB as part McGraw Hill Education's Assessment Reporting group. McGraw-Hill is a corporation organized and existing under the laws of the state of New York .whose principal place of business is located at 1221 Avenue of the Americas, New York, NY 10020.

13. Founded in 1888, Defendant McGraw-Hill is a global information services provider in the financial services, education and business information markets and has more than 300 offices in more than 40 countries. Its sales in 2004 were $5.3 billion.

14. Defendant CTB is the nation's leading publisher of standardized assessments for pre-school, elementary, middle, high school and adult education programs of state governments, and administers standards-based assessments for customized state education programs. Defendant CTB offers a broad range of assessments, software and services for its agency clients.

15. At all relevant times, Defendants were engaged in substantial and not isolated activities within the state California including but not limited to engaging in an unlawful scheme to avoid providing employment compensation and benefits to the Class members it owed under ERISA and state law. At all relevant times, Defendants were responsible for hiring of Class members in its headquarters in Monterey County and then designating them as employees of Kelly Services.

## JURISDICTION AND VENUE

16. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 in that the action concerns a federal question based upon applicable provisions of the Employee Retirement Income Security Act (ERISA), particularly 28 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) as a result of the Defendants' alleged wrongful denial of Plaintiffs' participation in employee compensation and benefits plans, including but not limited to Defendants' ERISA employee benefit plans.

17. Furthermore, this Court has personal jurisdiction over Defendants because Defendants conduct a substantial amount of business in the State of California, and in

COMPLAINT

1 | particular, the Northern District of California.  During the relevant time period, Defendant
2 | did sufficient business in, had sufficient contacts with, and intentionally availed themselves
3 | of the laws and market of the State of California through the promotion, sale, marketing,
4 | distribution and operation of its publishing, financial services, education and information
5 | market businesses.

6 |       18.    This case is also a class action within the meaning of 28 USC §1332(d)(1), as
7 | amended by the Class Action Fairness Act of 2005, because at least one class member is a
8 | citizen of a state different from Defendants.  Plaintiffs and members of the class all reside in
9 | the state of California. The amount in controversy with respect to the claims for the entire
10 | class as alleged herein exceeds $5,000,000, exclusive of interest and costs.

11 |       19.    Venue is proper in this Court pursuant to 29 USC § 1132(e)(2), because
12 | Plaintiffs reside in Monterey, California.  Further, the acts upon which this action is based
13 | occurred in part in this district.  Specifically, Plaintiffs and numerous Class members reside
14 | in this district, were employed by Defendants, were injured and/or were subjected to harm in
15 | this venue.  Defendants received substantial savings in this district as a result of an unlawful
16 | scheme and engaged in transactions and/or breached obligations imposed by law in this
17 | County.  Thus, Defendants' liability arose in part in this district.

18 | **CLASS ACTION ALLEGATIONS**

19 |       20.    Plaintiffs bring this lawsuit as a class action pursuant to F.R.Civ.P. 23(b)(2)
20 | and (b)(3) on behalf of the Class.  The Class is composed of:

> All persons who reside in the State of California (and such other states
> as the court may find appropriate) who, have performed services as
> workers for Defendants since 1995 for more than six months and who
> were not paid for their services through Defendants' payroll, and at all
> relevant times satisfied the other qualifications as a beneficiary and
> participant in Defendants' employee compensation and benefit plans
> and policies, including but not limited to pension benefit plans subject
> to ERISA in effect during the term of the Class members'
> employment (hereafter "the Class").

Excluded from the Class are all Defendants, Defendant McGraw Hill's and CTB's agents, attorneys, and officers directors and already-designated employees.

COMPLAINT

21.     The proposed Class is ascertainable and so numerous that the individual joinder of all its members in one action is unreasonable and impracticable. While the exact number and the identities of Class members are unknown at this time and it can be ascertained through appropriate discovery, as Defendants conduct business throughout the State of California. Class Plaintiffs estimate the Class includes many hundreds of individual members. Each of the Class members can likely be referenced in Defendants' records to determine how many individuals meet the Class definition.

22.     Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and the Class members sustained damages from Defendants' wrongful and unlawful conduct and because Plaintiffs and the Class are all entitled to the determination that they are beneficiaries of Defendants' employee compensation and benefit plans.

23.     Plaintiffs will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class action litigation. The interests of the Class coincide with, and are not antagonistic to, those of Plaintiffs.

24.     A class action is superior to other methods for the fair and efficient adjudication of this controversy and will provide substantial benefit both to the parties and to the court system. Since the practices Defendants engaged in are uniform and common to all members of the Class, judicial economy will be promoted by treating this case as a class action. It would not be economically practicable for Plaintiffs or Class members to maintain individual actions because of the amounts at issue in a given transaction.

25.     The expenses and burdens of litigation would make it costly and inefficient for Class members to seek redress on an individual basis for the wrongs done to them. When the liability of Defendants has been adjudicated, the claims of all Class members can be administered efficiently and/or determined by the courts.

26.     This action will promote an orderly and expeditious administration of Class claims; promote economies of time, effort and resources; and promote uniformity of decisions. A multitude of individual actions would work a hardship on the court system and would be impractical to coordinate by any means other than a class action. Further, the value

COMPLAINT

1    of the employee compensation and benefits denied and retained by Defendants resulting from

2    their unlawful scheme and breaches of statutory obligations can be quantified objectively by

3    reference to discoverable business and employment records in the custody of Defendants

4    and/or third parties.  Notice may be given to Class members by procedures customary in

5    class actions.

6          27.      There are questions of law and fact common to the Class, which predominate

7    over any questions affecting only individual Class members.  These questions arise from

8    Defendants' common, standardized practices and procedures.  Among others, the issues

9    include but are not limited to:

10          a.    Whether Plaintiffs and the Class are or were common law employees of

11                Defendants and entitled to participate in Defendants' employee

12                compensation and benefit plans, including Defendants' ERISA and non-

13                ERISA plans;

14          b.    Whether Defendants' uniform course of conduct resulted in the concealment

15                of material facts;

16          c.    Whether Defendants breached fiduciary duties owed to Plaintiffs and the

17                members of the Class by failing to act prudently and solely in the interest of

18                Defendants;

19          d.    Whether ERISA was violated by Defendants' acts and omissions, as alleged

20                herein;

21          e.    Whether Plaintiffs and members of the Class have sustained injury by reason

22                of Defendants' actions and omissions;

23          f.    Whether Defendants knew, recklessly disregarded, reasonably should have

24                known or were obligated by law to know that the use of intermediary entities

25                such as Kelly Services was a subterfuge to facilitate Defendants' scheme to

26                withhold employee benefits from the Class members was illegal under both

27                California state and Federal law;

28          g.    When Defendants learned such activities were unlawful;

---

8

h.    Whether Defendants continued to retain the monies or value of the employee compensation and benefit plans here at issue despite their knowledge of or reckless or negligent disregard for the true facts;

i.    Whether the conduct at issue had a likelihood of deceiving Class members or was unfair;

j.    When Defendants initiated this scheme to violate the law;

k.    The amount of revenues and profits Defendants received, retained and/or the amount of monies or other obligations lost by Class members as a result of such wrongdoing;

l.    Whether Class members are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

m.    The nature of remedies to which Plaintiffs are entitled as a result of Defendants' failure to recognize that Plaintiffs are employees of Defendants, including whether Class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon.

28.    There will be no difficulty in the management of this lawsuit as a Class action. Class-wide resolution of these consumer claims is the superior method for resolution of these claims.

## FACTUAL ALLEGATIONS

29.    Pursuant to an employment agreement, Plaintiffs were nominally employed full time and on an indefinite basis by Kelly Services to provide writing and/or editing services at CTB by "Assignment."  Despite Plaintiffs each having worked full time at CTB since their respective hiring dates, Plaintiffs were informed that they were employees of Kelly Services and not Defendants, and that any and all compensation and benefits due Defendants' employees were not applicable to employees payrolled through Kelly Services.

30.    Defendants have continuously exercised complete control over all aspects of Plaintiffs' performance of their duties, including determination of their hours, compensation

1  levels and raises, assigning and supervision of individual work projects and determining how

2  much vacation was allowed. Defendants' have provided Plaintiffs with an identification

3  badge which is the same in appearance as those issued to Defendants' employees, indicating

4  that they were employees of Defendants. Plaintiffs were included on the internal phone list

5  of CTB facilities and appeared as recipients and received mass emails sent to all CTB

6  employees. Throughout their employment, Plaintiffs and members of the Class were denied

7  vacation benefits and seniority recognition of same due Defendants' employees. When

8  seeking vacation, Plaintiffs each were required by Defendants to submit a vacation request to

9  their respective CTB supervisor, who determined if the vacation request would be approved.

10  Plaintiffs were also informed by their respective CTB supervisor of Defendants' dress code,

11  and were required by Defendants to comply with its terms. At all times Defendants

12  exercised complete control over all aspects of Plaintiffs' and the Class members' work

13  environment. As such, Plaintiffs and the Class members became the common law employees

14  of Defendants.

15        31.    During the Class Period, Defendants had discretionary authority regarding the

16  management, disposition and administration of Defendants' employee compensation and

17  benefits plans, including but not limited to ERISA retirement and medical benefit plans.

18        32.    ERISA treats as a fiduciary persons whose behavior entails the conduct of

19  fiduciary functions. ERISA 3(21)(A)(I)(29 U.S.C. 1102(21)(A)(I) of ERISA makes a person

20  (including a judicial person such as the Company) a fiduciary "to the extent ... he exercises

21  any discretionary control respecting management of such plan or exercises any authority or

22  control respecting management or disposition of its assets ...." Defendants similarly held

23  fiduciary obligations and duties to Plaintiffs and members of the Class with respect to its

24  employee compensation, sick pay and vacation. During the Class Period, Defendants

25  performed fiduciary functions under this standard, and thereby also acted as fiduciaries.

26        33.    An employer also acts in a fiduciary capacity under ERISA when an employer

27  misleads employees about its status for the purpose of affecting employees' ERISA plan

28  eligibility. During the Class Period, Defendants' communications and representations with

---

10

1  Plaintiff and members of the class included material misrepresentations and omissions

2  regarding their eligibility in employee compensation and benefit plans. Defendants thereby

3  also acted as a fiduciary.

4      34.    ERISA section 404(a)(1))(A) imposes on a plan fiduciary like Defendants a

5  duty of loyalty - that is, a duty to "discharge his duties with respect to a plan solely in the

6  interest of the participants and beneficiaries and ... for the exclusive purpose of ...." Section

7  404(a)(1))(B) also imposes on a plan fiduciary a duty of prudence - that is, a duty to

8  "discharge his duties with respect to a plan solely in the interest of the participant and

9  beneficiaries and ... with the care, skill, prudence, and diligence under the circumstances then

10  prevailing that a prudent man, acting in a like capacity and familiar with like aims ...."

11      35.    A plan fiduciary's duties of loyalty and prudence include a duty to disclose

12  and inform. This duty entails: (1) a negative duty not to misinform, including plan

13  eligibility; (2) an affirmative duty to inform when the fiduciary knows or should know that

14  failure to inform might be harmful; (3) a duty to convey complete and accurate information

15  material to the circumstances of participants and beneficiaries, including eligibility under

16  employee compensation and benefit plans; and (4) the duty not to make material

17  misrepresentations. This duty to disclose and inform recognizes the disparity that may exist,

18  and in this case did exist, between the training and knowledge of Defendants, on the one

19  hand, and Plaintiffs and members of the Class.

20      36.    During the Class Period and before, Defendants breached its fiduciary duties

21  to disclose and inform Plaintiffs and members of the Class regarding their eligibility in

22  Defendants' employee compensation and benefit plans. Rather than providing complete and

23  accurate information as to the eligibility of Plaintiffs as to these plans, Defendants arbitrarily

24  and capriciously denied Plaintiffs benefits under these plans, and intentionally withheld and

25  concealed material information regarding their eligibility during the Class Period and before

26  as set forth above.

27      37.    Plaintiffs and the other Class members were damaged by Defendants acting

28  arbitrarily and capriciously in denying benefits under Defendants' employee compensation

---

11

1   and benefits plan and by Defendants' materially deceptive misrepresentations, statements,

2   acts and omissions which were fundamentally designed to deceive Plaintiffs and the other

3   Class members.  Where a breach of fiduciary duty consists of, or includes,

4   misrepresentations and omissions material to an employee who would otherwise be a

5   qualified participant and eligible for Defendants' employee compensation and benefit plans,

6   the employee is presumed as a matter of law to have relied upon such misrepresentations and

7   omissions to his or her detriment.  Here, Defendants above-described acts and omissions,

8   including arbitrary and capricious denial of benefits, constituted misrepresentations and

9   omissions that were fundamentally deceptive concerning Plaintiffs' eligibility under

10  Defendants' employee compensation and benefit plans.  Plaintiffs and the other Class

11  members are, therefore, presumed to have relied to their detriment on Defendants' deceptive

12  misrepresentations, omissions and arbitrary and capricious denial of benefits under

13  Defendants' employee compensation and benefits plan.

14                              **COUNT ONE**

15                          <u>**Violation of ERISA**</u>

16        38.    By hiring Plaintiffs and the Class members as common law employees but not

17  permitting them to participate in retirement and medical health plans covered by ERISA,

18  Defendants violated Plaintiffs and Class members rights under ERISA.

19        39.    Specifically, Section 502(a)(1) of ERISA provides a cause of action to any

20  "participant or beneficiary[1] . . . to recover benefits due to him under the terms of his plan, to

21  enforce his rights under the terms of the plan, or to clarify his rights to future benefits under

22  the terms of the plan." 29 U.S.C. § 1132(a)(1).  Congress defined "participant" to mean:

23              any employee or former employee of an employer, or any member or
                former member of an employee organization, who is or may become
24              eligible to receive a benefit of any type from an employee benefit plan
                which covers employees of such employer or members of such
25

26  _____

27  [1]  ERISA defines "beneficiary" as "a person designated by a participant, or by the terms of an
    employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. §
28  1002(8).

─────────────────────────────────────

                              12

                                              COMPLAINT

organization, or whose beneficiaries may be eligible to receive any
such benefit.

29 U.S.C. § 1002(7).  Section 409 further requires "any person who is fiduciary ... who

breaches any of the duties imposes upon fiduciaries ... to make good to such plan any losses

to the plan ...."  Section 409 also authorizes "such other equitable or remedial relief as the

Court may deem appropriate ..."

40.      The calculation of losses arising under ERISA 29 U.S.C. Section 1132, (a)(1)

and ERISA Section  404, 29 U.S.C. Section 1104 for wrongful denial of pension and medical

health benefits resulting from breaches of fiduciary duty give way to a presumption that, but

for the breaches of fiduciary duty, the interested parties such as Plaintiffs and members of the

Class would have been rightfully deemed eligible participants in Defendants' employee

compensation and benefits plan from the date of hire.  In this way, the remedy restores the

values of what Plaintiffs and members of the Class would have been had they been deemed

eligible from the outset.

41.      Furthermore, 29 USCS § 1021(a) mandates that a Summary Plan Description

and information be furnished to participants and beneficiaries of a plan.  Specifically, the

administrator of each employee benefit plan shall cause to be furnished in accordance with

section 104(b) [29 USCS § 1024(b)] to each participant *covered under the plan* and to each

beneficiary who is receiving benefits under the plan (1) a Summary Plan Description

pursuant to section 102(a)(1) [29 USCS § 1022(a)(1)] and (2) the information described in

sections 104(b)(3) and 105(a) and (c) [29 USCS §§ 1024(b)(3), 1025(a) and (c)].

42.      By hiring Plaintiffs and the Class members as common law employees, at all

relevant times Plaintiffs and members of the Class were "*covered under*" and eligible for the

Defendants' plans but for Defendants' arbitrary and capricious denial of benefits.

Accordingly, Plaintiffs and members of the class were required to be furnished with 1) a

Summary Plan Description of Defendants' employee compensation and benefits plans

pursuant to section 102(a)(1) [29 USCS § 1022(a)(1)] and (2) the information described in

sections 104(b)(3) and 105(a) and (c)) [29 USCS §§ 1024(b)(3), 1025(a) and (c)].

13

43.     Defendants' failure to furnish Plaintiffs with a Summary Plan Description and additional mandated disclosures constitutes further violations of ERISA.

44.     Furthermore, ERISA Section 510, 29 U.S.C. Section 1140 provides that it shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001 [29 USCS § 1201], or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act.

45.     By arbitrarily and capriciously denying Plaintiffs and members of the Class employee compensation and benefits for which Plaintiffs and member of the Class would have otherwise been entitled, Defendants interfered with Plaintiffs and class members' protected rights pursuant to Section 510, 29 U.S.C. Section 1140.

46.     Defendants' misconduct, as outlined above, constituted breaches of fiduciary duty and violations of ERISA, resulting in damages to Plaintiffs and the Class.

## COUNT TWO

### Breach of Contract

47.     By their work, Plaintiffs accepted unilateral contracts offered by Defendants in the form of Defendants' polices stating the compensation and benefits to which all Defendants' employees were entitled.  These included the salary, benefits, rights and privileges to which all Defendants recognized employees are and have been entitled.  The Plaintiffs performed the work required for acceptance of those contracts and they vested rights.  By operation of law, they became part of the employment agreements between Defendants and Plaintiffs by denying them the salaries, benefits, rights and privileges to which they were entitled as Defendants' employees.

48.     Plaintiffs, as employees of Defendants, are also the intended beneficiaries of a contract between Defendants and Defendants' pension plan providers.  Pursuant to the contract between Defendants and Defendants' pension plan providers, Defendants was bound

1 | to provide eligible employees with disclosure materials and enrollment forms. Defendants

2 | breached its contract duty to provide Plaintiffs with disclosure materials and enrollment

3 | forms, thereby preventing them from enrolling in Defendants' pension plans and causing

4 | Plaintiffs damage.

5 |       49.     The Plaintiffs as employees of Defendants are also the intended beneficiaries

6 | of insurance contracts between Defendants' insurance providers for the benefit of

7 | Defendants' employees, including medical, dental and life insurance. Defendants breached

8 | its contractual duty to provide Plaintiffs with disclosure materials and enrollment forms for

9 | Defendants' insurance contracts for employees, thereby causing damages to the Plaintiffs.

10 | **COUNT THREE**

11 | **<u>Declaratory Relief</u>**

12 |       50.    Plaintiffs incorporate by reference into this claim for relief all the allegations

13 | of the prior paragraphs of the complaint.

14 |       52.    This claim for relief is brought pursuant to 29 U.S.C. § 1132.

15 |       52.    There is a present dispute between Plaintiffs and Class members and

16 | Defendants regarding the true status the Class members as common law employees of

17 | Defendants. Plaintiffs seek a judicial determination of the employment status of these

18 | members, and therefore seek declaratory relief to determine:

19 |     (A)    That Plaintiffs and the Class members are common law employees of

20 |     Defendants; and

21 |     (B)    That Plaintiffs and the Class members are participants in Defendants' plans

22 |     and policies for which they otherwise qualify on the basis of duration of service or

23 |     other qualification criteria.

24 |       53.    Plaintiffs also seek all other relief afforded under 29 U.S.C. § 1132, including

25 | but not limited to an award of attorney fees and costs.

26 | ///

27 | ///

28 | ///

---

15

## COUNT FOUR

### Injunctive Relief

54. Plaintiffs incorporate by reference into this claim for relief all the allegations of the prior paragraphs of the complaint.

55. This claim for relief is brought pursuant to 29 U.S.C. § 1132.

56. As a remedy for Defendants' improper determination that Plaintiffs and the Class members are not employees and participants in Defendants' employee compensation and benefit plans, including but not limited to ERISA plans, Plaintiffs are entitled to a permanent injunction, mandating that Defendants through its Human Resources Manager as plan administrator for each of the subject plans:

    (1) Review the records of Plaintiffs and each member of the Class and determine their qualification for benefits as a participant in the plan and for each such Plaintiff and Class member, and issue such benefits from each plan to each such Plaintiff and Class member entitled to receive benefits under such Plans;

    (2) Provide for each Class member qualified to participate in each plan, copies of descriptions of Defendants' employee compensation and benefit plans, including but not limited to Defendants' pension plan, the latest annual report, any terminal report, and a copy of any employee benefits explanatory booklet, on employee benefits, whether or not governed by ERISA.

WHEREFORE, Plaintiffs request that they be awarded judgment including as relief:

1. That this Court certify this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

2. Judgment for compensatory damages according to proof;

3. A declaration that Plaintiffs and the Class members similarly situated have been and are common law employees of Defendants and that they are or were entitled to participate in Defendants' ERISA employee benefit plans;

4. A declaration that Defendants have violated the duties, responsibilities and obligations imposed upon it as a fiduciary by ERISA;

COMPLAINT

5.     A permanent injunction, mandating that Defendants through its Human Resources Manager as plan administrator for each of the subject plans:

(A)     Review the records of Plaintiffs and each member of the Class and determine their qualification for benefits as a participant in the plan and for each such Plaintiff and Class member, and issue such benefits from each plan to each such Plaintiff and Class member entitled to receive benefits under such Plans; and

(B)     For each Class member qualified to participate in each plan, a copy of the Summary Plan Description, the latest annual report, any terminal report, and a copy of any employee benefits explanatory booklet, including but not limited to employee compensation and benefits, whether or not governed by ERISA.

6.     Plaintiffs' reasonable attorneys fees;

7.     Plaintiffs' costs of suit; and

8.     Such other and further relief as the court deems proper.

Dated: October 4, 2005                     BLUMENTHAL & MARKHAM

CHAVEZ & GERTLER LLP

By: _David R. Markham_____

David R. Markham, Esq.

Attorneys for Plaintiffs

17

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs demand a trial by jury on all claims so triable and an advisory jury for a

3   factual determination on all equitable claims.

4

5   Dated: October 4, 2005                         BLUMENTHAL & MARKHAM

6                                                  CHAVEZ & GERTLER LLP

7

8                                                  By: _____

9                                                       David R. Markham, Esq.

10                                                 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT

1    **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2         Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other

3    than the named parties, there is no such interest to report.

4

5    Dated: October 4, 2005                                BLUMENTHAL & MARKHAM

6                                                          CHAVEZ & GERTLER LLP

7

8                                                          By: _David R. Markham / mc_____

9                                                              David R. Markham, Esq.

10                                                         Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
19

COMPLAINT