NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mary Ann Curry, Susan Swanson and Milo Kushner, individually, on behalf of themselves, on behalf of all persons similarly situated, and on behalf of the general public,<br><br>Plaintiff(s),<br><br>v.<br><br>CTB McGraw-Hill, LLC and The McGraw-Hill Companies, Inc.,<br><br>Defendant(s). | NO. C 05-04003 JW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiffs Mary Ann Curry, Susan Swanson and Milo Kushner are individuals who were paid through Kelly Services, and worked at the Monterey County offices of Defendants CTB McGraw-Hill LLC ("CTB") and McGraw-Hill Companies, Inc. ("McGraw-Hill") (collectively "Defendants"). Plaintiffs initiated this action on their own behalf and on behalf of those similarly situated, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. section 1001 et seq. ("ERISA"), against Defendants as the plan sponsors of certain employment benefit, pension and/or welfare plans. Plaintiffs contend that they are "common law employees" who have been wrongfully denied participation in Defendants' employee benefit plans, including Defendants' employee compensation

and salaries, vacation and sick leave, life and long term care insurance, welfare plans, medical, health, dental and vision coverage, educational reimbursement programs, as well as retirement pension plans.

Defendants move to dismiss the complaint for failure to state a claim upon which relief may be granted, or in the alternative, for summary judgment. In essence, Defendants contend that even if Plaintiffs were "common law employees," they are not "eligible employees" within the meaning of Defendants' various ERISA plans.

## II.  BACKGROUND

Plaintiff Mary Ann Curry worked for Defendants full-time for fifty-eight months, although she was payrolled through Kelly Services. Plaintiff Susan Swanson works full time for Defendants and has worked for Defendants for forty-seven months, although she was also payrolled through Kelly Services. Plaintiff Milo Kushner works full time for Defendants, although he is payrolled through Kelly Services. Plaintiffs bring this suit as a class action, seeking to represent a class composed of:

> All persons who reside in the State of California (and such other states as the court may find appropriate) who, have performed services as workers for Defendants since 1995 for more than six months and who were not paid for their services through Defendants' payroll, and at all relevant times satisfied the other qualifications as a beneficiary and participant in Defendants' employee compensation and benefit plans and policies, including but not limited to pension plans subject to ERISA in effect during the term of the Class members' employment.

Complaint, par. 20.

Defendant McGraw-Hill is a global information services provider in the financial services, education and business information markets. Defendant CTB is a McGraw-Hill subsidiary, and the nation's leading publisher of standardized assessments for pre-school, elementary, middle, high school and adult education programs of state governments, and administers standards-based assessments for customized state education programs.

Pursuant to an employment agreement, Plaintiffs were nominally employed full time and on an indefinite basis by Kelly Services to provide writing and/or editing services at CTB by

"Assignment." Plaintiffs were informed that they were employees of Kelly Services and not Defendants, and that any and all compensation and benefits due Defendants' employees were not applicable to employees payrolled through Kelly Services.

Defendants have continuously exercised complete control over all aspects of Plaintiffs' performance of their duties and work environment. Defendants provided Plaintiffs with an identification badge which is the same in appearance as those issued to Defendants' employees. Throughout their employment, however, Plaintiffs and members of the class were denied vacation benefits and seniority recognition. Plaintiffs were also denied Defendants' employee compensation and benefit plans.

In their first claim, Plaintiffs allege that Defendants violated various sections of ERISA, and breached their fiduciary duties, by hiring Plaintiffs and class members as "common law employees," but not permitting them to participate in retirement and medical health plans covered by ERISA. Plaintiffs further allege that Defendants violated ERISA by failing to furnish them with a Summary Plan Description and additional mandated disclosures. Plaintiffs also allege that Defendants interfered with their protected rights.

In their second claim, Plaintiffs allege a common law breach of contract claim. Plaintiffs allege that they accepted unilateral employment contracts offered by Defendants; that they performed the work required for acceptance of those contracts; and that Defendants breached the employment contracts by denying them salaries, benefits, rights and privileges to which they were entitled as Defendants' employees. Plaintiffs also allege that they are intended beneficiaries of a contract between Defendants and Defendants' pension plan providers, and that Defendants breached their contractual duty to provide Plaintiffs with disclosure materials and enrollment forms. Plaintiffs similarly allege that they are intended beneficiaries of a contract between Defendants and Defendants' medical, dental and life insurance providers, and that Defendants breached their contractual duty to provide Plaintiffs with disclosure materials and enrollment forms.

In their third claim, Plaintiffs seek declaratory relief to determine: (1) that Plaintiffs and the

3

class members are "common law employees" of Defendants; and (2) that Plaintiffs and class members are participants in Defendants' plans and policies for which they otherwise qualify on the basis of duration of service or other qualification criteria.

In their fourth claim, Plaintiffs seek injunctive relief mandating Defendants to: (1) review the records of each Plaintiff and class member and determine their qualification for benefits as a participant in the plan, and issue such benefits; and (2) provide each Plaintiff and class member copies of descriptions of Defendants' employee compensation and benefit plans, including but not limited to Defendants' pension plan, the latest annual report, any terminal report, and a copy of any employee benefits explanatory booklet.

Defendants moves to dismiss, or in the alternative, for summary judgment, on numerous grounds. First, they contend that Plaintiff's ERISA claims must fail because Plaintiffs are not entitled to participate in Defendants' ERISA plans. Second, Defendants contend Plaintiffs failed to exhaust their administrative remedies and to name the ERISA Plan(s) as a defendant. Third, they contend that at least one Plaintiff's ERISA claim is untimely. Fourth, they contend that ERISA's section 510, which prohibits "interfering" with benefits, does not apply because Plaintiffs are not entitled to participate in Defendants' ERISA plans. Fifth, Defendants contend the section 510 claim is time-barred. Sixth, they contend the breach of fiduciary duty claims are duplicative of the wrongful denial of benefit claim. Seventh, they contend the breach of fiduciary duty claims are time-barred as to at least two of the Plaintiffs. Eighth, they contend the common law breach of contract claim is preempted by ERISA. Lastly, Defendants contend Plaintiffs cannot maintain a claim for compensatory damages under ERISA.

### III.  STANDARDS

A Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe said allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430

(9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). In order to grant a motion to dismiss, it must appear to a certainty that a plaintiff would not be entitled to relief under any set of facts which could be proved. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## IV.  DISCUSSION

A.  Plaintiffs Are Not Entitled to Participate In Defendants' ERISA Plans

Defendants contend that Plaintiffs' ERISA claims under section 502 must fail because they are not entitled to participate in Defendants' ERISA plans. More specifically, Defendants contend that individuals such as Plaintiffs, who are not on the payroll of Defendants, and well as those employees who are classified as leased employees or temporary workers, are not entitled to participate in Defendants' plans.

To assert a claim under ERISA, a plaintiffs must be either a "participant" or a "beneficiary." See 29 U.S.C. §1132(a)(1). There is a two-prong analysis to determine whether an employee is entitled to benefits under ERISA. Wolf v. Coca-Cola Company, 200 F.3d 1337, 1340 (11th Cir. 2000). "The first prong requires that a plaintiff be an 'employee.' The second prong requires that the plaintiff be eligible to receive benefits according to the terms of the plan." Jaeger v. Matrix Essentials, Inc., 236 F.Supp.2d 815 (N.D. Ohio 2002). The second prong is necessary "because companies are not required by ERISA to make their ERISA plans available to all common law employees." Wolf v. Coca-Cola Company, 200 F.3d at 1340. "An individual who fails on either prong lacks standing to bring a claim for benefits under a plan established pursuant to ERISA." Wolf v. Coca-Cola Company, 200 F.3d at 1340 citing Clark v. E.I. Dupont Demours & Co., Inc., 105 F.3d 646, 1997 WL 6958 (table).

For purposes of the present motion only, Defendants do not contest Plaintiffs' claimed status

5

as "common law employees." See Defendants' Motion at 9:13; 10:22, 11:8 and Defendants' Reply at 2:10-11. Therefore, for purposes of the present motion only, the Court finds that the first prong is satisfied.

Turning to the second prong, Defendants provide the following ERISA pension and welfare benefit plans for non-executive employees on the payroll of McGraw-Hill or its subsidiaries: The Employee Retirement Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries; The Employee Retirement Account Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries; The Savings Incentive Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries; The McGraw Hill Companies, Inc. Group Health Plan (including component medical and dental plans); The McGraw-Hill Companies, Inc. Employee Welfare Benefit Plan (including component life insurance disability, and separation pay plans); and The McGraw-Hill Companies, Inc. Cafeteria Plan (with component plans). Decl. of Merilyn Martin.[1] The Employee Retirement Plan defines eligible employees as follows:

> "*Eligible Employee*" means an Employee of an Employer who is classified by the Employer as eligible to become a Participant in the Plan, for whom the Employer pays earnings, and whom the Employer treats as subject to federal wage withholding by the Employer for purposes of Section 3401 of the Internal Revenue Code. The previous sentence notwithstanding, Eligible Employee shall not include:
>
>    (e) Any employee or person classified by an Employer as a 'leased employee' (including leased employees who provide services under the primary direction or control of an Employer pursuant to an agreement between an Employer and another person on a substantially full-time basis as described in Section 414(n) of the Internal Revenue Code) 'contract worker,' 'project worker,' 'on-call employee,' 'independent

---

[1] On a motion to dismiss, the Court may take judicial notice of these plans because they are "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Branch v. Tunnel, 14 F.3d 449, 454 (9th Cir. 1994).

> contractor,' 'consultant,' 'special worker' or 'free lance worker,' regardless of whether or not such characterization is subsequently challenged, changed or upheld by any court or governmental authority;
>
> (f) Any Employee or person hired as a temporary worker, for a fixed period or periods or to complete a specific project or specific projects, except an Employee classified by an Employer as a 'project status worker' . . .

Employee Retirement Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries, as Amended and Restated January 1, 2004, January 1, 2002, and January 1, 2000, Section 2.1 and 1998 Amendment, Martin Decl., Ex. A-1 through A-4. The same definition of eligibility is set forth in the two other retirement plans sponsored by Defendants, The Employee Retirement Account Plan and The Savings Incentive Plan, Martin Decl., Ex. B-1 through B-4.

The Group Health Plan similarly defines an "Employee" eligible to participate as an individual on the payroll of a Participating Company, excluding persons treated as employees of a leasing organization or other entity:

> 2.6 *"Employee"* means any person employed by a Participating Company, including an officer, who is on the U.S. payroll of the Company. Employee shall not include any person who performs services for a Participating Company under an agreement or arrangement (which may be written, oral or evidenced by the Participating Company's payroll practice, with the individual or with another organization that provides the services of the individual to the Participating Company, under which the individual is treated as an independent contractor or is otherwise treated as an employee of an entity other than the Participating Company (such as a leasing organization), irrespective of whether the individual is treated as an employee of the Participating Company under common law employment principles. Employees shall not include any person hired on a temporary or seasonal basis for the performance of a discrete project, including but not limited to project workers, contract workers and

7

on-call employees. . .

The McGraw-Hill Companies, Inc. Group Health Plan, Martin Decl., Ex. D. The Employee Welfare Benefit Plan contains the same definition of "Employee." Martin Decl., Ex. E. The Cafeteria Plan defines an "Eligible Individual" as follows:

> *"Eligible Individual"* means an individual who is eligible to participate in one or more of the Benefit Plans and an individual who is covered by a collective bargaining agreement with an Employer to the extent that such collective bargaining agreement provides for such individual's participation.

Martin Decl., Ex. F. Thus eligibility for the Cafeteria Plan and its component coverages is determined by eligibility for the Group Health and the Employee Welfare Benefit Plan.

In light of the plain language of the plan, the Court finds that Plaintiffs are simply not eligible employees under any of Defendants' ERISA plans. The Employee Retirement Plan, The Employee Retirement Account Plan, and The Savings Incentive Plan cover employees for "whom the Employer pays earnings, and whom the Employer treats as subject to federal wage withholding by the Employer for purposes of Section 3401 of the Internal Revenue Code." The Group Health Plan, The Employee Welfare Benefit Plan, and the Cafeteria Plan cover employees "on the payroll of a Participating Company." In the complaint, Plaintiffs admit that they were not on Defendants' payroll but instead were on the payroll of Kelly Services. Complaint, ¶¶2, 5, 6. Plaintiffs' allegations that they were on Kelly's payroll are binding judicial admissions. American Title Insurance Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988).

Moreover, even if Plaintiffs were on Defendants' payroll, which they were not, they are not eligible for benefits because they fall into at least one of the following groups of excluded employees: "leased employees," "contract workers," "independent contractors," "project workers" persons hired "to complete . . . specific projects," and persons working in a "temporary job

1  classification."[2]   Plaintiffs counter, however, that the ERISA plans required Defendants to

2  "classify" them in these various categories in order to render them ineligible for benefits.  While

3  Plaintiffs fail to provide the Court with any definition for the term "classify," they appear to argue

4  that the classification must have been done in writing.  See Plaintiffs' Opposition, p.4:11-12 ("No

5  document stating how the Plaintiffs and Class members were actually classified by Defendants has

6  been submitted with the motion.")..

7  The argument is unpersuasive.  The ERISA plans at issue do not provide any special

8  definition for "classify," and accordingly the Court will apply its usual and customary meaning.

9  According to the Oxford English Dictionary, "classify" means simply "[t]o arrange or distribute in

10 classes according to a method or system."  Oxford English Dictionary, 2nd Edition 1989.  The

11 Merriam-Webster Online Dictionary similarly defines "classify" to mean "to arrange in classes," or

12 "to assign to a category."  Plaintiffs admit in their complaint that they were referred to as

13 "independent contractors" or "temporary workers." Complaint, ¶4.  Plaintiffs further admit that they

14 were placed in positions "denominated as" Kelly Services positions for "temporary assignments"

15 with Defendants and were employed by Kelly "to provide services for CTB 'by assignment.'"

16 Complaint, ¶¶6, 29.  In addition, Plaintiffs admit in the complaint that they were assigned to CTB to

17 perform certain projects and that they were informed that they were not eligible for Defendants'

18 benefit plans.  See Complaint, ¶¶29. No clearer indication of how Plaintiffs were "classified" by

19 Defendants is necessary.

20 Nevertheless, Plaintiffs contend that their claims are supported by the Ninth Circuit's

21 decisions in Vizcaino v. Microsoft Corp., 120 F.3d 1006 (9th Cir. 1997), and Burrey v. Pacific Gas &

22 Electric Co., 159 F.3d 388 (9th Cir. 1998).  Neither of these cases can possibly be construed to

---

[2]  The 1998 amendment to the pension plan did not use the term "leased employees." Nevertheless, the plan clearly excluded "contract workers," "project workers," "independent contractors," persons hired "to complete . . . specific projects," and persons working in a "temporary classification." Martin Decl., Ex. A-4. The "Background" section of the plan explains that the 1998 amendment was intended to exclude "project status workers" and other "leased employees" from eligibility. Id.

United States District Court
For the Northern District of California

provide Plaintiffs a legal remedy in the instant lawsuit. In Vizcaino, the issue was whether a class of freelancers were entitled to participate in Microsoft's Savings Plus Plan ("SPP") and Employee Stock Purchase Plan ("ESPP"). Microsoft's freelancers were not paid for their services through the payroll department, but rather submitted invoices to and were paid through the accounts payable department. Microsoft did not withhold income or Federal Insurance Contribution Act taxes from the freelancers' wages, and did not pay the employer's share of the FICA taxes. Prior to the inception of that case, the Internal Revenue Service ("IRS") determined that Microsoft should have been withholding and paying over taxes because, as a matter of law, the freelancers were "employees," even though Microsoft had classified them as independent contractors. The IRS made its determination by applying common law principles. Microsoft accepted the IRS' determination. The freelancers then asserted that they were employees of Microsoft and should have had the opportunity to participate in the SPP and ESPP because those plans were available to all employees who met certain other participation qualifications. Significantly, there were no other participation qualifications that were relevant to the issues before the Ninth Circuit. Thus, once it was determined that the freelancers were employees, they were entitled to participate in Microsoft's plan. The instant lawsuit, involving Plaintiffs employed through Kelly services, and ERISA plans that declare certain classes of employees ineligible for benefits, is therefore clearly distinguishable.

Burrey v. Pacific Gas & Electric Co., 159 F.3d 388 (9th Cir. 1998), also cited by Plaintiffs, likewise does not support Plaintiffs' claim for benefits. In Burrey, the plaintiffs were employed through an employment agency to work at PG&E. PG&E provided ERISA-governed pension and retirement plans to its employees, but not to "leased employees, as defined by Section 414(n) of the Internal Revenue Code." The Ninth Circuit noted that Section 414(n) defined the term "leased employee" as any person "who is not an employee of the recipient. . . ." Burrey, 159 F.3d at 392. Neither Section 414(n) nor the Internal Revenue provided a definition of "employee," and accordingly, the Ninth Circuit concluded that the common-law definition of "employee" should be applied. Id. at 393. The Ninth Circuit remanded the case to the district court to determine whether

10

the plaintiffs were "common law employees," and therefore, by definition not leased employees.

Unlike the plans in <u>Burrey</u>, the plans at issue in the instant lawsuit exclude "leased employees," without restricting that term to the definition contained in Section 414(n) of the Internal Revenue Code. Rather, Defendants' retirement plan provides in pertinent part that "eligible employee" shall not include "[a]ny Employee or person classified by an Employer as a 'leased employee' (<u>including</u> leased employees who provide services under the primary direction or control of an Employer pursuant to an agreement between an Employer and another person on a substantially full-time basis as descried in Section 414(n) of the Internal Revenue Code)." Martin Decl., Ex. A-1 (emphasis added). Defendants' employee retirement plans contain substantially similar language. Martin Decl., Ex. A-2, A-3. Thus, Defendants' ERISA plans apply a definition of "leased employee" that is broader than the one contained in Section 414(n) of the Internal Revenue Code.

In summary, neither <u>Vizcaino</u> nor <u>Burrey</u> support Plaintiffs' claims. Rather, the cases simply clarified that if a ERISA plan makes all "common law employees" eligible, and an individual meets the definition of a "common law employee," that individual is entitled to benefits. In contrast, Defendants' ERISA plans do not make all "common law employees" eligible for benefits. Accordingly, all of Plaintiffs' ERISA claims must be dismissed.

B.  The Breach of Contract Claim is Preempted

Defendants contend that Plaintiffs' second claim for breach of contract is preempted by ERISA. In Plaintiffs' second claim, Plaintiffs allege (1) that by their performance they accepted offers of unilateral contracts by Defendants for "salary, benefits, rights and privileges to which all Defendants [sic] recognized employees are and have been entitled" and that Defendants breached the contracts by "denying them the salaries, benefits, rights and privileges to which they were entitled as Defendants' employees" (Complaint, ¶47); and (2) that Plaintiffs are the intended beneficiaries of contracts between Defendants and their pension and insurance providers to provide eligible employees with disclosure materials and enrollment forms, and that Defendants breached

11

those contracts by failing to provide such materials (Complaint, ¶¶48, 49).

ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is subject to ERISA. 29 U.S.C. §1144(a). ERISA's preemption clause is "conspicuous for its breadth": "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200 (2004).

Plaintiffs' breach of contract claim is clearly predicated upon Defendants' failure to provide benefits under ERISA plans, and failure to provide Plaintiffs with information and enrollment materials. Therefore, it is preempted.

## V.  CONCLUSION

For the reasons set forth above, the Court dismisses the complaint with prejudice.[3] The claim for vacation benefits subsumed in the second claim for breach of contract is dismissed without prejudice to renew the claim in state court.

Dated:   January 30, 2006                                     /s/James Ware
05cv4003dismiss                                                      JAMES WARE
                                                                                  United States District Judge

---

[3] Because Plaintiffs are not eligible for benefits and preemption applies, the Court finds it unnecessary to address Defendants' alternative grounds for dismissal.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Bernhard Carlson acarlson@littler.com
Jonathan E Gertler jon@chavezgertler.com
Mark Andrew Chavez mark@chavezgertler.com
Nancy L. Ober nlober@littler.com

**Dated: January 30, 2006**               **Richard W. Wieking, Clerk**

**By:__/s/JW Chambers_____**
       **Melissa Peralta**
       **Courtroom Deputy**